IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| EDDIE LAWRENCE GAYMON JR. | * | |
| Plaintiff, | | |
| v. | * | CIVIL ACTION NO. CCB-10-3136 |
| KIMBALL CONSTRUCTION CO. INC. | * | |
| WARREN TUCKER | | |
| Defendants. | * | |

MEMORANDUM

On October 18, 2010, Plaintiff Eddie Lawrence Gaymon Jr. ("Gaymon"), who is detained at the Jessup Correctional Institution, filed a complaint against the above-named defendants for $500,000.00. *See Gaymon v. Kimball Construction Co., et* al., Civil Action No. RDB-10-2948 (D. Md.). Gaymon, who did not particularize the federal jurisdiction for filing the case, alleged that on an unspecified date he was fired from his job as a shop steward for alleged insubordination because he refused to "cut" a fire-rated door to be installed in a children's hospital. He claimed that the fire marshal and District of Columbia fire station staff told him that the door was not to be cut and a tag on the door indicated it was not to be cut. Gaymon claims that he was fired by defendants, a Baltimore, Maryland company, for putting "safety first." On October 26, 2010, the complaint was summarily dismissed for the failure to state a federal claim upon which relief can be granted. The court concluded that Gaymon's allegations regarding his job termination had failed to: (1) implicate federal civil rights or employment law; or (2) a common law tort claim for wrongful discharge subject to review under the court's diversity jurisdiction. No appeal has thus been filed.

On November 4, 2010, Gaymon re-filed the identical complaint, which was instituted as the above-captioned case. ECF No. 1. Gaymon's Motion for Leave to Proceed *In forma pauperis* shall be granted, but this complaint shall too be summarily dismissed.

As noted in the court's prior opinion, federal district courts are courts of limited original jurisdiction and they do not sit to review every claim related to employment termination. They do, however, have original jurisdiction over civil cases concerning a "federal question," that is, actions "arising under the Constitution, laws, or treaties of the United States." *See* 28 U.S.C. § 1331. Gaymon's new filing fares no better than his earlier cause of action. His renewed allegations do not address the court's previous concerns and, as articulated, again only raises a common law tort claim for wrongful discharge.

This Court has jurisdiction to review such a claim only if diversity of citizenship jurisdiction exists. Diversity jurisdiction under 28 U.S.C. § 1332 exists where the parties are diverse *and* the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs. "It is well established that diversity jurisdiction attaches only when all parties on one side of the litigation are of a different citizenship from all of those on the other." *Stouffer Corp. v. Breckenridge*, 859 F.2d 75, 76 (8th Cir. 1988) (citing *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267, 2 L.Ed. 435 (1806)). Because he has again failed to establish grounds for district court jurisdiction, Gaymon's complaint shall be dismissed. A separate Order follows.

Date: <u>November 16, 2010</u>                   /s/
                                                           Catherine C. Blake
                                                           United States District Judge